# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00702-COA

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF JAMES DWIGHT BROWN, DECEASED: STEVE AMOS, ADMINISTRATOR OF THE ESTATE OF SANDRA PATRICK, DECEASED | APPELLANT/ CROSS-APPELLEE |

v.

| | |
|---|---|
| JAMES DWAYNE BROWN, JASON DWIGHT BROWN AND FELICIA LYNN NOLL | APPELLEES/ CROSS-APPELLANTS |

| | |
|---|---|
| DATE OF JUDGMENT: | 03/20/2018 |
| TRIAL JUDGE: | HON. ROBERT GEORGE CLARK III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | PAMELA L. HANCOCK |
| | JEFFREY BRYAN McGUIRE |
| | WHITNEY MOSEL THRASHER |
| ATTORNEYS FOR APPELLEES: | F. HALL BAILEY |
| | OWEN PATRICK LALOR |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | ON DIRECT APPEAL: REVERSED AND RENDERED. ON CROSS-APPEAL: REMANDED - 12/03/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     This appeal concerns a 2017 Honda Ridgeline truck.  The issue is whether the truck owned by the decedent had been given to Sandra Patrick and was her property and not that of the decedent's estate.  The Madison County Chancery Court held for the appellees.  We reverse, render, and remand.

## FACTS AND PROCEDURAL HISTORY

¶2. In this estate matter, Patrick filed a motion for declaratory judgment seeking ownership of a 2017 Honda Ridgeline truck. In response, Brown's heirs, James Dwayne Brown, Jason Dwight Brown, and Felicia Lynn Noll ("Appellees"), filed an answer to Patrick's declaratory motion, as well as a counterclaim for declaratory relief and partition. In their Answer and Counterclaim, the Appellees alleged that (1) "Patrick ha[d] unclean hands and [was] barred from seeking to obtain any affirmative relief"; (2) "[Patrick] was not a title holder as joint tenant with right of survivorship"; (3) "[Patrick] did not acquire an ownership interest by inter vivos gift"; (4) "[Patrick] did not acquire an ownership interest by testamentary gift"; (5) "[Patrick] did not acquire an ownership interest by purchase"; and (6) "[Patrick's] claim [was] barred by failure of consideration, unjust enrichment and estoppel, waiver or laches." In addition, the Appellees sought a ruling from the chancery court confirming title to the 2017 Honda Ridgeline. In the alternative, the Appellees sought partition of ownership interests in the vehicle under Mississippi Code Annotated sections 11-21-71 to -81 (Rev. 2019).

¶3. The record shows James Dwight Brown ("Brown") was in a romantic relationship with Patrick during his lifetime. After receiving a large settlement check, Brown purchased a Toyota Tacoma and a new home in Ridgeland, Mississippi. It is undisputed that the two of them shared the home together, but Brown and Patrick never married. A month or so prior to Brown's death, Brown purchased a second truck, a 2017 Honda Ridgeline. Brown and Patrick both signed the application for the certificate of title for the 2017 Honda Ridgeline. The 2017 Honda Ridgeline was then titled in both of their names as:

2

"BROWN, JAMES D OR PATRICK, SANDRA." The application appears in the appendix below.

¶4.     At the time of the proceedings, Mississippi Administrative Code Title 35, Part VI, Subpart 6, Chapter 3 governed joint ownership of vehicles for title purposes.[1]  That regulation[2] provided as follows:

> 100    Joint ownership of a motor vehicle: Where ownership is a joint tenancy, with right of survivorship, the owners' names on the title shall be shows as follow: JOHN DOE AND/OR JOE DOE.  To transfer ownership of the vehicle or to encumber the vehicle, both signatures are required [if] both are living; if one of the parties is deceased, satisfactory proof of death of the deceased and signature of the survivor.

> 101    Where ownership is a tenancy in common, the owners' names are shown as follows: JOHN DOE AND JOE DOE.  To transfer ownership of the vehicle or to encumber the vehicle, both signatures are required if both are living; if one of the parties is deceased, probate proceedings are required.  Where there has been no admission on the estate of the deceased vehicle owner-affidavit on Form 65-015 is required.

> 102    Where the ownership is a joint tenancy, with an expressed intent that either of the owners have full authority to transfer ownership of the vehicle or to encumber the same, the owners' names are shown on the title as follows: JOHN DOE OR JOE DOE.

Miss. Admin. Code tit. 35, pt. VI, r. 6.03 (effective as of Nov. 17, 2011).

¶5.     The chancery court found that the 2017 Honda Ridgeline was titled in the manner set forth in Subsection 102.  Patrick argued that this effectively created a joint tenancy with a

---

[1] We note that Title 35 of the Mississippi Administrative Code was amended and renumbered in 2019.  This particular section was moved to Part 7 of the title.  *See* Miss. Admin. Code tit. 35, pt. VII, r. 5.02 (as amended June 19, 2019).

[2] The Mississippi Legislature delegated rule-making authority to the State Tax Commission to "[p]romulgate such rules and regulations deemed by it to be appropriate to implement the provisions of the chapter."  Miss. Code Ann. § 63-21-7(2)(a) (Rev. 2013).

right of survivorship. The Appellees contested, among other things, that the title was a failed attempt to give an inter vivos gift to Patrick.

¶6. Following a hearing on the cross-petitions, the chancery court entered a judgment finding that the Appellees were the rightful owners of the 2017 Honda Ridgeline due to a failed inter vivos gift. The court explained that (1) "[t]here was never a delivery and relinquishment of control over the vehicle" and (2) "the gift was revocable." However, because of this ruling, the chancery court did not address the Appellees' unclean-hands assertion or their application for partition.

¶7. Aggrieved, Patrick filed a motion for reconsideration and a motion for a new trial. The chancery court denied both motions. Patrick now appeals to this Court.

## STANDARD OF REVIEW

¶8. On appeal, this Court will not reverse the findings of a chancellor when supported by substantial evidence "unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." *Yarbrough v. Patrick*, 65 So. 3d 865, 868 (¶13) (Miss. Ct. App. 2011) (citing *Sanderson v. Sanderson*, 824 So. 2d 623, 625-26 (¶8) (Miss. 2002)). "Legal questions are reviewed de novo." *Id.* (citing *Russell v. Performance Toyota Inc.*, 826 So. 2d 719, 721 (¶5) (Miss. 2002)).

## DISCUSSION

¶9. In her brief before this Court, Patrick repeats the same argument she made to the chancery court that she "was a joint tenant to the 2017 Honda Ridgeline, and became the sole owner upon [Brown's] death." In opposition, the Appellees contend that Patrick did not have

a "valid ownership interest in the [truck]" because she did not "purchase [the truck] for valuable consideration," the truck was not a "testamentary gift, devise or bequest," and she did not acquire the truck "by *inter vivos* gift." For the reasons discussed below, we find that there was a presumption that Patrick owned the 2017 Honda Ridgeline, and the chancellor misapplied the burden to overcome that presumption.

¶10. At the trial hearing, the parties spent a considerable amount of time arguing whether the 2017 Honda Ridgeline was owned as a joint tenancy with a right of survivorship or whether the truck was given to Patrick in the form of an inter vivos gift. After the hearing, the chancellor's decision found that "Brown [did not effectuate] a valid inter vivos gift by placing [Patrick's] name on the title." The chancellor held that Patrick, as the donee, would bear the burden of proof to prove that she acquired a valid inter vivos gift. *Yarbrough*, 65 So. 3d at 870 (¶22). "Normally, the donee must establish by clear and convincing evidence the following elements: (a) a donor competent to make a gift; (b) a voluntary act of the donor with donative intent; (c) that the gift was complete and not conditional; (d) delivery by the donor; and (e) that the gift was irrevocable." *Id.* (citing *In re Estate of Ladner*, 909 So. 2d 1051, 1054 (¶9) (Miss. 2004)). However, there are other rules that apply to cases involving written instruments, such as a certificates of deposit or motor-vehicle titles, that create a presumption of ownership that may be overcome by the party challenging the validity of the ownership.

¶11. Under Mississippi Code Annotated section 63-21-19(4) (Rev. 2013), "[a] certificate of title issued by the State Tax Commission is *prima facie* evidence of the facts appearing

5

on it." (Emphasis added).  Further, the term "owner" shall mean "a person or persons holding the legal title of a vehicle . . . ."  Miss. Code Ann. § 63-21-5(m) (Supp. 2019). During the chancery court's hearing, the following exchange occurred between Tony Lawler, a director for the Mississippi Department of Revenue, and Patrick's attorney on direct examination:

Q:  . . . [F]or clarity of the record, will you once again tell me how [the 2017 Honda Ridgeline] vehicle is titled?

A:  James D. Brown or Sandra Patrick.

Q:  Okay. And for people that may not be as familiar with motor vehicle titling procedures, is th[ere] any significance to the way that's titled?

A:  Yes.

Q:  Tell me why that . . . matters.

A:  There is an administrative rule and reg[ulation].

Q:  Okay. So if it says "or" – so say it was me or my wife, what does that signify with regard to a motor vehicle title in Mississippi?

A:  That means that the vehicle is owned by both[,] by either one – either party – it's titled in "or."  Either party can encumber the vehicle or dispose of the vehicle.  They can get rid of it.  They can trade it.

. . . .

Q:  [W]hat are some other types of joint ownership?

A:  "And." If it's like John "and" Jane Doe, our interpretation is that requires both signatures to do anything with that title.

Q:  Are there any others other than "or," or "and?"

A:  Yes, there is . . . John "and/or" [Jane] Doe.  What that requires is – that also requires both signatures to do anything with the vehicle – sell the

6

vehicle, trade the vehicle, borrow money if both parties are still alive. If it's an "and/or," it requires both signatures. What the difference is[,] if it's "and/or," if both parties are still alive, it requires both signatures. If one is not alive, has deceased, then the other party can sign it; but they must attach a copy of the death certificate –

. . . .

Q:     So on an "or" title, two joint owners, . . . if one of them dies, what rights, in the opinion of the Department of Revenue – what rights does the surviving joint owner have?

A:     He has full rights.

Q:     Meaning?

A:     If that's – let me – if it's an "or," and one of them [is] deceased, then the other [person] can sell the vehicle. He can come in – go into the local county tax collector and apply for title in solely their name.

Q:     Okay.

A:     And that's not a restriction of whether they're dead or alive. They can do that at any time.

Q:     So in the situation of the a John Doe "or" Joe Doe . . . , is it the Department of Revenue's policy or opinion that if one joint owner dies, that vehicle is now the property of the other?

A:     As far as administering the title on it and being able to transfer ownership, yes.

Brown and Patrick signed the application for the certificate of title on June 14, 2016. The certificate of title for the 2017 Honda Ridgeline was issued on September 16, 2016, pursuant to their application, naming Brown and Patrick as owners. Therefore, the application for the certificate of title and the certificate of title both create a rebuttable presumption that Brown and Patrick were co-owners of the vehicle when the application was executed and when the

7

title was issued. *See Gov't Emps. Ins. Co. v. Saltou*, No. 5:06-CV-170-DCB-JMR, 2008 WL 687396, at \*4 (S.D. Miss. Mar. 11, 2008) (finding that the certificate of title created a rebuttable presumption that the plaintiff was a co-owner of the vehicle for insurance-policy purposes).

¶12.    We observe a similar application made in *Yarbrough*. In that case, a mother claimed that her daughter had failed to prove her burden that the alleged gifts, certain real estate and CDs, were made inter vivos. *Yarbrough*, 65 So. 3d at 867-68 (¶22). The CDs were titled in the names of "Laura L. Yarbrough or Ann Patrick," and sometime thereafter the daughter acquired sole ownership of some of the CDs. *Id.* at 871 (¶25). In relation to the CDs, the court stated that "whenever a CD is titled in the names of two or more persons, payable to any of the persons named, it is presumed that those persons are owners of the account." *Id.* at (¶24) (citing *Estate of Dunn v. Reilly*, 784 So. 2d 935, 942 (¶21) (Miss. 2001)). Analogous to Subsection 102, "[w]hen an account is held jointly in the name of one depositor or another, 'each depositor is allowed to treat joint property as if it were entirely his own.'" *Id.* (quoting *DeJean v. DeJean*, 982 So. 2d 443, 449-50 (¶14) (Miss. Ct. App. 2007)). That presumption of ownership may be overcome "upon proof of forgery, fraud, duress, or an unrebutted presumption of undue influence." *Id.* (quoting *Reilly*, 784 So. 2d at 942 (¶21)). In conclusion, this Court held it was the mother's burden to disprove the daughter's right to the CDs. *Id.* at (¶25).

¶13.    While *Yarbrough* considered joint ownership in the context of a savings account, the premise of that case—that certain written instruments create a rebuttable presumption—is

8

applicable to the instant case. Our state title regulation states that when a motor vehicle title lists the word "or" between the owners' names, then both owners "have full authority to transfer ownership of the vehicle or to encumber the same." Miss. Admin. Code tit. 35, pt. VI, r. 6.03 (effective as of Nov. 17, 2011). It is clear that the 2017 Honda Ridgeline was titled to "Brown, James D *or* Patrick, Sandra." (Emphasis added). Accordingly, Patrick had full ownership rights of the 2017 Honda Ridgeline from the time of the title application and when it was issued from the State Tax Commission. In theory, Patrick had the right to sell the vehicle at any time thereafter. Further, at common law, "where we find survivorship clauses in the name of the account itself, in the signature cards, or in a joint[-]account agreement, we enforce them according to their tenor." *Estate of Cannon*, 733 So. 2d 245, 250 (¶30) (Miss. 1999) (internal citations omitted) (assessing the rightful owner of joint bank accounts). In coming to this conclusion, we mention that requiring the relinquishment of all rights as prerequisite to inter vivos gifts in the context of joint ownership would, in essence, negate an individual's ability to gift such ownership during their lifetime. Nevertheless, it was the Appellees' burden to overcome Patrick's ownership presumption.[3] That presumption may have been overcome "upon proof of forgery, fraud, duress, or an unrebutted presumption of undue influence." *Yarbrough*, 65 So. 3d at 871.

## CONCLUSION

[3] We note that another avenue for relief existed for the parties. Under section 63-21-26, the State Tax Commission will "suspend or revoke" a certificate of title "upon notice and reasonable opportunity to be heard," if the commission finds that "[t]he certificate of title was fraudulently procured or erroneously issued . . . ." Miss. Code Ann. § 63-21-59(a) (Rev. 2013).

9

¶14. As such, the Appellees' argument that Patrick failed to establish the elements of an inter vivos gift by clear and convincing evidence must fail because the burden of proof was on the Appellees to disprove Patrick's rights to the 2017 Honda Ridgeline. Accordingly, we reverse and render as to the joint ownership of the 2017 Honda Ridgeline. We also remand this case for the issues raised on cross-appeal.

¶15. **ON DIRECT APPEAL: REVERSED AND RENDERED. ON CROSS-APPEAL: REMANDED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. TINDELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

# APPENDIX